J-S23001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISMAEL FIGUEROA-SERRANO | : | |
| | : | |
| Appellant | : | No. 199 MDA 2022 |

Appeal from the PCRA Order Entered January 20, 2022
In the Court of Common Pleas of the 39th Judicial District
Fulton County Branch
Criminal Division at No: CP-29-CR-0000003-2019

BEFORE: STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.: **FILED OCTOBER 14, 2022**

Appellant, Ismael Figueroa-Serrano, appeals from the order dismissing

his petition for collateral relief filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The PCRA court summarized the relevant background as follows.

On January 2, 2019, [Appellant] who was on parole, was visited by his parole agent following a tip he received that [Appellant] was in possession of a firearm. [Appellant] is a felon and therefore was prohibited from possessing firearms. Upon questioning, [Appellant] admitted to his parole officer that he was in possession of a firearm. With the aid of Pennsylvania State Police, [Appellant]'s parole officer searched the residence and discovered a Marlin .22 caliber rifle located in the closet of [Appellant]'s infant daughter's room. [Appellant] was arrested.

The same day, Trooper Jeffrey Beal filed a criminal complaint charging [Appellant] with a single count of unlawfully possessing

_____

[*] Retired Senior Judge assigned to the Superior Court.

a firearm, a second degree felony. In the box provided for "Offense Date," Trooper Beal wrote "01/02/19 / APPROX. 1015 HRS." On the following page in the box provided for "Acts of the accused associated with this Offense," Trooper Beal began with, "On the above time and date . . ." and then proceeded to describe the offense. In the affidavit of probable cause, Trooper Beal described the events of January 2, 2019, and makes no reference to any other date or time that [Appellant] may have possessed a firearm. In [Appellant]'s criminal docket where his charges are listed, in the box provided for "Offense Dt.," the offense date is listed as "01/02/2019." On the bill of information, filed on January 31, 2019, the Attorney for the Commonwealth wrote, "The Fulton County District Attorney by this information charges: that on (or about) January 2, 2019, in said county . . ." and then provides the applicable offense.

The case was brought to a jury trial on December 18, 2019. [Appellant] was represented at trial by counsel. The question of constructive possession arose at trial, as the rifle was located in the infant's bedroom, not in a location [] exclusively controlled by [Appellant]. [Appellant]'s defense, summarized, was that he did not know the rifle was in the closet and that it had been deliberately put there by his girlfriend to entrap him. To refute this theory and to prove constructive possession, the Commonwealth put on evidence to show that, at several times in the past, [Appellant] had possessed the gun in question. Three witnesses testified that [Appellant] had been in possession of the rifle in late 2017, summer of 2018, late 2018, and during buck season of 2018, which we note occurs in late November and December.

During deliberations, the jury sent back a question, asking, "Do the current charges apply to other times he may have possessed the firearm?" After having discussed the matter at sidebar, the Commonwealth suggested that the court send back an instruction as to the specific offense, but it did not contain any instruction regarding the relevant time period. [Appellant]'s trial counsel agreed with the Commonwealth's suggestion, and the court sent back the instruction on the specific offense only. [Appellant] was thereafter convicted. [Appellant] timely filed a post-sentence motion on January 8, 2020, which was denied. [Appellant] timely filed the instant action, pursuant to the [PCRA], on May 5, 2021.

PCRA Court Opinion, 1/20/22, at 1-3 (footnotes omitted, unnecessary capitalization omitted).

When reviewing the propriety of an order pertaining to PCRA relief,

> we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

***Commonwealth v. Diaz***, 183 A.3d 417, 421 (Pa. Super. 2018).

Appellant argues that trial counsel should have requested an instruction to the jury – in response to the jury's question and as part of the trial court's instructions in general – that the jury was constrained to the period of "on or about January 2, 2019" in determining whether Appellant possessed the firearm in question. ***See*** Concise Statement of Matters Complained of on Appeal, 2/22/22.

A petitioner alleging ineffective assistance

> will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.[A.] § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010) (citing ***Strickland v. Washington***, 466 U.S. 668, 687 (1984)). In Pennsylvania, we have refined the ***Strickland*** performance and prejudice test into a three-part

inquiry. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001). Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010).

*Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014).

Prejudice, in the context of ineffective assistance claims, requires proof of a reasonable probability that but for counsel's error, the outcome of the proceeding would have been different. *Commonwealth v. Kimball*, 724 A.2d 326, 331 (Pa. 1999). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *See Ali*, 10 A.3d at 291. A "criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. . . . Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." *Kimball*, 724 A.2d 331 (citation omitted). Finally, the petitioner's failure to satisfy any of the three prongs requires rejection of his ineffective assistance claim. *Commonwealth v. Ly*, 980 A.2d 61, 74 (Pa. 2009).

As explained below, Appellant failed to prove that he suffered prejudice from counsel's failure to seek a jury instruction as detailed above.

"[N]o one, including the Commonwealth, ever argued to the jury that they should find Appellant guilty for acts committed at any time other than January 2, 2019." PCRA Court Opinion, 2/22/22, at 2. In fact,

- 4 -

> Trooper Beal repeatedly included the date of January 2, 2019, as the date of the offense. At trial, the Commonwealth sought to prove only that [Appellant] had constructive possession over the firearm on January 2, 2019, and [Appellant]'s trial counsel focused his defense entirely around the events of that date. The Commonwealth did not charge [Appellant] with having possessed the firearm any of the four previous times, providing such evidence only to prove constructive possession. In the Commonwealth's theory of the case, evidence that he had previously possessed the rifle supported their argument that [Appellant] constructively possessed the rifle on January 2, 2019.

*Id.* at 5.

The above summary is an accurate representation of the proceedings below, and falls far short of showing a serious error by trial counsel, let alone one that establishes that the outcome of the trial would have been different had counsel not made that alleged error.

As Appellant is unable to point to anything in the record supporting a finding of actual ineffectiveness, he resorts to a fallback argument, *i.e.*, Appellant argues that the prejudice he suffered from counsel's omission is self-evident, and, as such, it can be presumed. In other words, in Appellant's view, the negative outcome of his trial is itself evidence of the prejudice he suffered. Indeed, Appellant argues that

> [t]he jury's question itself provides adequate proof of a reasonable likelihood that a different result could have occurred had proper instruction on timing been provided.

> It takes no speculation to determine that the jury's question had significance to at least one member of the jury. It takes no speculation to determine that the jury had not yet reached a final decision at the time it posed its question. It takes no speculation to determine that the jury was deprived of important law that was in some way relevant to its determination.

- 5 -

Appellant's Brief at 21.

We perceive two problems with Appellant's argument. First, "an analysis [, like the one offered by Appellant,] focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." *Kimball*, 724 A.2d at 331 (citing *Lockhart v. Fretwell,* 506 U.S. 364, 369-70 (1993)).

Second, this is not an instance where prejudice can be presumed. Indeed, *Cronic*[1] and its progeny limit the *per se* prejudice category to a narrow number of situations where there are some "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Id*. at 658. Presumed prejudice in the context of *per se* trial counsel ineffectiveness "has been applied in three circumstances: where there was an actual or constructive denial of counsel, the state interfered with counsel's assistance, or counsel had an actual conflict of interest" and "is limited to situations where counsel's failure is complete, *i.e.*, where counsel has entirely failed to function as the client's advocate." *Commonwealth v. Lawrence*, 165 A.3d 34, 46 (Pa. Super. 2017) (internal citations omitted).

Appellant claims that the prejudice he suffered should be presumed but fails to address *Cronic* or any other authority supporting the application of

---

[1] *United States v. Cronic*, 466 U.S. 648 (1984).

- 6 -

the *per se* ineffectiveness analysis to the instant matter. As such, we conclude that the *per se* ineffectiveness analysis is not applicable here.

In light of the foregoing, we cannot conclude that counsel's omission rendered the verdict unreliable.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2022